Mr. Justice Richardson
delivered the-opinion of the court.
The practice of ordering parties to be Holden to bail upon a charge of slander, has been so general in South-Carolina, that it may be fairly considered either as a practical and received construction of the act of 1798, or else allowed upon general principles.
Whatever then may be the decisions found in the reports of adjudged cases in England or even in our sister States, our own practice probably growing out of the act before noticed, is to be respected. Especially too, when no reason can be presented why an injury inflicted by a malicious and false slander, may not be redressed in the same manner and to the same extent, as any other wanton mischief. Is reputation, often so dearly earned, so deeply regarded by honest men, and so beneficial in its example, to be so easily tarnished by malicious slander? Is it to be less protected than all the other earnings of man in society; and is this disregard of reputation to be exercised too in favour of a slanderer ? While law is based upon reason, or regards consistency, or has for its end the protection of the citizens, our practice will ever be admitted to be bottomed upon true principles.
The second ground presents for the first time, a question of practice, i. e. must the affidavit to hold a defendant to bail state that the slander was false ?
To determine this, we must reason from principle, analogy and convenience. Before the person of a free man can *474 be arrested, the charge against him should be manifest and not merely inferable. In practice too, affidavits to hold to bail whether in debt or for damages, have been always required to be so explicit and certain as that if true, the defendant must be liable; as for instance, that he “ is justly indebted in a named sum or that he unlawfully assaulted and beat, &c.” Now in the cases before us unless the slanderous words were false he is justifiable. The falsity of the slander then should'be plainly averred. If such averments were not required, not only inconvenience but injustice would follow ; for then any convict might arrest a person who conversed about his conviction and crime, and he might order such arrest without; the fear of being punished for perjury, having only to charge that he had been slandered, &c. A reasonable and convenient restriction therefore, upon the power of holding to bail for slander, requires that the plaintiff should charge that it is false in fact.
Williams, for the motion.
Gregg, contra.
The motion is therefore granted upon the second ground taken.
Justices Gantt, Huger, Nott and Colcock, concurred.